## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BLAISE CORNETT AND LACY | * | DOCKET NO.: |
| BIHM AND MORRIS BART, LLC | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| STATE FARM FIRE AND | * | MAGISTRATE JUDGE: |
| CASUALTY COMPANY AND | * | |
| J. P. MORGAN CHASE BANK | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 21st Judicial District Court, Parish of Livingston, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

## I.    PROCEDURAL HISTORY.

### 1.

Plaintiffs Blaise Cornett and Lacy Bihm ("Plaintiffs") and their attorneys, Morris Bart LLC ("Morris Bart") (collectively referred to as "Plaintiffs and Morris Bart") filed this lawsuit in the 21st Judicial District Court, Parish of Livingston, for the State of Louisiana, against J.P. Morgan Chase Bank ("Chase Bank") and State Farm Fire and Casualty Company, ("State Farm") on July 28, 2023. The case was captioned "*Blaise Cornett and Lacy Bihm and Morris Bart, LLC v. State Farm Fire & Casualty Company and J. P. Morgan Chase Bank*". (*See* Exhibit A, State Court Record, Petition for Damages, Citation and Proof of Service upon State Farm through the La. Secretary of State on August 9, 2023 p. 1-49; Exhibit B State Farm Service Documents Mailing of Petition by Secretary of State to State Farm through Corporation Service Company on August 10, 2023,

1

Receipt by Corporation Service Company of Petition from La. Secretary of States on August 11, 2023, Postmarked Envelope from La. Secretary of State to State Farm attached hereto and marked for identification as Exhibit B, p. 1-4)

2.

Plaintiffs own a home located at 15625 Red Loup Road, Maurepas, Louisiana which is insured by State Farm and is subject to a mortgage with Chase Bank. (Exh. A at p.5-6,  Petition at ¶8 to 11.).  Plaintiffs retained Morris Bart to assist with their claim for hurricane damage to the home with State Farm. (*Id*. at p. 7 ¶12).  Plaintiffs allege that  State Farm has failed to pay all amounts due to them under the homeowner's policy for damage sustained by Hurricane Ida breaching statutory duties owed to them pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.  (*Id*. at p. 9-12 ¶ 21 to 30). The suit seeks bad faith penalties and attorney's fees for failure to properly pay and adjust Plaintiffs' insurance claim; all amounts due under the policy; and damages for mental anguish among other relief. (*Id*. at  p. 10 ¶30).  The lawsuit also includes a distinct claim, a claim for declaratory judgment as part of the relief. (*Id*. at p.10 – 15 ¶31 to 41). Here, the claim is that if State Farm were to issue a check to Plaintiffs in the future, and if Chase Bank were to insist that its name be placed on the check, any such insistence would be improper because Morris Bart has an attorney lien that is superior. Thus, Plaintiffs seek a declaratory judgment that (1) Morris Bart's attorney lien is superior to any rights which Chase Bank may have; (2) if State Farm is found liable, then it issue a "separate payment to  Homeowners and [Morris] Bart out of any payment for attorneys' fees and costs without" Chase Bank listed as an additional payee; and (3) State Farm issue a separate payment to Cornett and Bihm and Morris Bart, without Chase Bank listed as a payee, for any amount which exceed the amount due pursuant to the mortgage note. (*Id*. at Prayer, Petition p. 16-17.)

2

**3.**

State Farm removes this action from the 21ˢᵗ Judicial Parish of Livingston to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS:**

> **(1) PLAINTIFFS AND STATE FARM AND MORRIS BART AND STATE FARM ARE DIVERSE;**
> **(2) THE AMOUNT IN CONTROVERSY BETWEEN PLAINTIFFS AND STATE FARM AND MORRIS BART AND STATE FARM EXCEEDS $75,000;**
> **(3) CHASE BANK IS A NOMINAL DEFENDANT AGAINST WHOM THERE IS NO POSSIBILITY THAT PLAINTIFFS CAN ESTABLISH A CAUSE OF ACTION AGAINST CHASE BANK IN STATE COURT WHOSE CONSENT TO REMOVAL IS NOT NECESSARY**

**4.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

**5.**

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'"  *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).  The petition and facts set forth in this

Notice of Removal establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

**A.    Plaintiffs and State Farm are diverse in citizenship.**

**6.**

State Farm is a foreign insurance corporation duly organized under the laws of the State of Illinois which has its principal place of business in the State of Illinois. State Farm is a citizen of the State of Illinois.

**7.**

Plaintiffs Blaise Cornett and Lacy Bihm are both domiciled in Livingston Parish and are citizens of the State of Louisiana.  (Exh. A. at p.3 Petition ¶1).

**8.**

Plaintiff Morris Bart, LLC, is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Morris Bart LLC's sole member is Morris Bart, III who is domiciled in Orleans Parish and is a citizen of Louisiana.  (*Id.* at p.3, ¶2).

**9.**

Upon information and belief, J. P. Morgan Chase Bank is a foreign corporation organized under the laws of the State of Delaware and is a wholly-owned banking subsidiary of J. P. Morgan Chase & Co. with its principal place of business in New York, New York. There is diversity amongst all parties.

**B.    Plaintiffs' claims against State Farm exceed $75,000.**

10.

Plaintiffs asserts that their home sustained a financial loss which is at least $53,000 including damage to the home and contents which caused Plaintiffs to incur additional living

expenses.  (Exh. A at p. 5  Petition at ¶ 9.)  Plaintiffs further alleges that on or about September 24, 2021, State Farm conducted a field inspection of the property and either failed to pay or underpaid the amount of the loss within 30 days of receiving notice of the claim. (Exh. A.  at p. 6, Petition at ¶13).  State Farm has paid $2,412.04 on the claim.

**11.**

Based on the claim of at least $53,000 in damages less the $2.412/04 previously paid, that leaves at least $50,587.96 in controversy.  The potential bad faith penalty calculated under La. R.S. 22:1892 of 50% of the $50,587.96 amount allegedly still owed is $25,938.90; thus making the amount in dispute before the calculation of any potential attorney's fees, contents damage, additional living expenses, and/or mental anguish damages at $76,526.86.   Accordingly, the amount in controversy against State Farm exceeds $75,000 exclusive of interests and costs.

**C.    Chase Bank is a nominal defendant whose consent to removal is not necessary.**

**12.**

As regards Chase Bank, the mortgage company, Plaintiffs and Morris Bart seek a declaratory judgment that Morris Bart has a valid and enforceable claim and/or lien for attorney's fees and costs which is superior to Chase Bank's rights as an additional loss payee for any insurance payment that State Farm may ultimately pay in this case, if it is found liable. (Exh. A  at p. 10-13, Petition at ¶31-40).  Plaintiffs assert that they anticipate that Chase Bank will wrongfully refuse to endorse any insurance payment made by State Farm to both  Plaintiffs and Chase Bank even if Plaintiffs are not in default of the mortgage.  (*Id.* at ¶36-37).

**13.**

"Whether a party is 'nominal' for removal purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience

5

which would not be in any unfair or inequitable to the plaintiff." *Acosta v. Master Maint. & Constr. Inc.,* 452 F. 3d 373,379 (5th Cir. 2006) (*quoting Tri-Cities Newspapers, Inc. v. Tri-Cities, P.P. &A. Local 349,* 427 F. 2d 325, 327 (5th Cir. 1970). "'To establish that non-removing parties are nominal parties, the removing party must show… that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Breitling v. LNV Corp.,* 86 F. Supp. 3d 564, 572 (N.D. Tex. 2015) (quoting *Farias v. Bexar Cty. Bd. Of Trs. For Mental Health Retardation Servs*. 925 F. 2d 866, 871 (5th Cir. 91). The nominal defendant doctrine "involves a test substantially similar to the test for improper joinder. *(Id*.).

**14.**

In the present case, Plaintiffs have alleged that Chase Bank has in the past or may in the future demand that it be made payable on any check State Farm issues to Plaintiffs for damage to their property as a result of Hurricane Ida under Plaintiffs' homeowner's policy with State Farm. However, to maintain a declaratory judgment action, there must be an "actual controversy" between the parties in accord with 28 U.S.C. §2201(a). There is no actual controversy if it is based on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Orix Credit All., Inc. v. Wolfe,* 212 F. 3d 891, 897 (5th Cir. 2000) (quoting *Texas v. United States,* 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998). An actual controversy is similarly required for a declaratory judgment action under Louisiana law. *See Terrebone Par. Consol. Gov't v. Louisiana Dept. of Nat. Res*., 340 So. 3d 940, 944 (La. App. 1st Cir. 2021) ("Moreover, there must exist a concrete, justiciable controversy framing the facts in order to avoid the rendering of an advisory opinion."). If State Farm is found liable in this case, and if State Farm therefore had to issue a check to Plaintiffs and Morris Bart, nobody can know whether Chase Bank will insist on being named on that check because nobody can predict the future. Because Chase Bank has

not yet taken the action that Plaintiffs and Morris Bart believe would be improper, there is no actual or justiciable controversy between the parties at this time. Thus, Plaintiffs and Morris Bart are unable to obtain a declaratory judgment in the 21st Judicial District Court against Chase Bank, making Chase Bank a nominal defendant. And under the nominal defendant doctrine, Chase Bank's consent is unnecessary for State Farm to remove this action.

**15.**

There is an additional reason that Plaintiffs and Morris Bart have no claim against Chase Bank. The premise of their argument is that Morris Bart has a lien that is superior to any rights of Chase Bank. But under Louisiana law, the only way that a law firm can enforce an attorney fee lien against a third party like is if the law firm has recorded its attorney fee contract. Attached to the petition is a copy of the attorney fee contract. A search of the mortgage records of Livingston Parish reflects that as of the date of September 8, 2023, no attorney fee contract has been recorded against Blaise Cornett and/or Lacy Bihm in the Livingston Parish Mortgage Records. Livingston Parish is the location of where the lawsuit is brought and of Plaintiffs' home on which Chae Bank's mortgage is secured and the basis for the Hurricane Ida lawsuit brought against State Farm. (See Exhibit C. Livingston Parish list of mortgages recorded against Blaise M. Cornett and Lacy Bihm dated September 8, 2023). "While recordation of an attorney's fee contract under La. R.S. 37:218 is not necessary for enforcement of the contract between the attorney and his client, the contract must be recorded to be effective against third parties." *F. Q. Hood, Jr. APLC v. Ashton,* 354 So. 3d 854, 860 (La. App. 2nd Cir. 1/11/23) *writ denied,* 359 So. 3d 33 (La. 4/12/23). "Jurisdictional facts are determined at the time of removal, not by subsequent events." *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 635, (5th Cir. 2014). Because there is no recorded attorney fee contract by Morris Bart regarding Plaintiffs at the time of this removal, Plaintiffs and Morris

Bart have no valid claim against Chase Bank, and for this additional reason, Chase Bank's citizenship and consent to removal is irrelevant for the purposes of determining federal court jurisdiction.

    **D.**    **This Court can exercise supplemental jurisdiction over Morris Bart's claims against State Farm.**

16.

Morris Bart asserts claims for attorney's fees against State Farm. This amount may not exceed $75,000 depending on the amount of a judgment.  The claims between Plaintiffs and State Farm exceed $75,000. Pursuant to the Supreme Court's holding in *Exxon Mobil Corp. v. Allapattah Services, Inc*. 545 U.S. 546, 125 S.Ct. 2611, 162 L. Ed.2d 502 (2005) when there is complete diversity of citizenship and at least one named plaintiff's claim satisfies the amount  in controversy requirement of 28 U.S.C.§1332, a district court may exercise supplemental jurisdiction over the judicially insufficient claims of any plaintiff with regard to the "same case or controversy." In the present lawsuit, Morris Bart's claims for legal fees arises out of any future payment made by State Farm to Plaintiffs on their homeowner's claim for Hurricane Ida damage, resulting in a check issued to Plaintiffs and Morris Bart as payees. Morris Bart's claim for attorney's fees arises from the "same case or controversy",  as the Hurricane Ida claim.

**III.**    **STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

17.

State Farm was served with the petition through its statutory agent for Service of Process, the Louisiana Secretary of State on August 9, 2023.  (See Exh. A Service Return at p 1, Exh. B at p. 3)  The Secretary of State forwarded the petition to State Farm on August 10, 2023. (See Exh. B. Letter from Secretary of State at p. 2.)   Corporation Service Company ("CSC") received the petition as State Farm's agent on August 11, 2023. (See Notice of Service from CSC dated August

8

11, 2023, Exh. B. at  p.1.)   "[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.*, No. 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, No. 08-902, 2008 WL 783592 (E.D. La. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

**18.**

This Notice of Removal is filed on September 11, 2023, which is within thirty (30) days after service of the petition on State Farm through its agent CSC on August 11, 2023, 2023, as September 10, 2023 is a Sunday and legal holiday.

**19.**

As set forth above, Co-Defendant Chase Bank's consent to removal is not necessary as Chase Bank is  a nominal defendant, and there is no possibility of recovery against Chase Bank based on the lack of an actual controversy between Plaintiffs, Morris Bart, and Chase Bank and the failure by Morris Bart to record the attorney fee agreement with Plaintiffs.  On August 24, 2023, undersigned counsel Emily Morrison contacted Barry Grodsky and David Miester of the Taggart Morton Law Firm who have acted as counsel for Chase Bank in another Hurricane Ida lawsuit brought against State Farm and Chase Bank seeking consent to remove and sending a copy

of the pleadings.  The firm was to contact Chase Bank and determine if they would be assigned

defense of the case and whether Chase Bank would consent to the removal.  Counsel for State

Farm made contact again on September 6, 2023 but did not receive a reply.  Plaintiffs' counsel had

the Livingston Parish Clerk on August 1, 2023 issue a citation issued to Chase Bank for service

through the Louisiana Long Arm statute. (Exh. A at p.2).  To date there is no affidavit of service

or return as to service regarding Chase Bank filed with the Livingston Parish Clerk of Court.

**20.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C.

§ 1332(a)(2), which grants federal courts concurrent original jurisdiction over claims where the

matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100

($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of a state and

citizens or subjects of a foreign state.

**21.**

The 21st Judicial District Court for the Parish of Livingston, State of Louisiana, is located

within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper

in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place

where such action is pending."

**22.**

No previous application has been made by State Farm for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on

or by State Farm and contained in the record of these proceedings in the 21st Judicial Court are

attached as Exhibit A, p. 1 to p.149.  The Service Documents on State Farm are attached as Exhibit

B.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon  Austin

Marks and Nathaniel Hanet, Counsel for Plaintiffs Blaise Cornett and Lacy Birhm and Morris Bart, LLC; by mail to J. P. Morgan Chase Bank through its Louisiana agent for service of process C.T. Corporation System.; and by e-filing the Notice of Removal with the Clerk of Court for the 21st Judicial District Court, Parish of Livingston, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

## IV.    CONCLUSION

### 23.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

### 24.

State Farm reserves the right to supplement or amend this Notice of Removal.

### 25.

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

### 26.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*

**CHARLES L. CHASSAIGNAC, IV (#20746)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH (#33060)**
Porteous, Hainkel & Johnson, L.L.P.

301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com

*Attorneys for State Farm Fire and Casualty Company*

## <u>CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)</u>

I hereby certify that on this 11th day of September 2023, a copy of the foregoing Notice of Removal has sent to the following:

**Plaintiffs Blaise Cornett and Lucy Bihm**
Through their counsel of record – *via email*
Austin Marks
Nathaniel Hanet
Morris Bart, LLC
691 Poydras Street, 24th Floor
New Orleans, LA 70130
Phone: (504) 526-1091
amarks@morrisbart.com
nhanet@morrisbart.com

**J.P. Morgan Chase Bank** – *via U.S. Mail*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**Livingston Parish Clerk of Court** – *via e-filing*
21st Judicial District Court
Post Office Box 1150
Livingston, LA  70754

/s/Charles L. Chassaignac, IV
CHARLES L. CHASSAIGNAC, IV